**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LADONNA E. SEACHRIS, | No. 11-72777 |
| Petitioner, | BRB No. 11-0104 |
| v. | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM; BRADY-HAMILTON STEVEDORE CO.; SAIF CORPORATION, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

LaDonna Seachris petitions for review of the Benefits Review Board's

("BRB") order affirming an administrative law judge's ("ALJ") decision denying

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

death benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50. We have jurisdiction under 33 U.S.C. § 921. Because the ALJ erred in discrediting the testimony of Dr. Kafrouni, we grant the petition for review and remand. Because the parties are familiar with the history of this case, we need not recount it here.

The ALJ's determination that the claimant did not establish that the cervical myelopathy caused by Cloyd Seachris's ("Seachris") 1979 work injury could have accelerated the immobility and diabetes that contributed to his death is unsupported by substantial evidence of the record considered as a whole. The ALJ's credibility determination as to Dr. Kafrouni's testimony was "patently unreasonable" and "conflict[s] with the clear preponderance of the evidence." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (internal quotation marks and citation omitted).

The ALJ unreasonably characterized Dr. Kafrouni's testimony as "ignor[ing]" and "dismiss[ing]" Seachris's other health conditions when Dr. Kafrouni did acknowledge that other conditions in addition to cervical myelopathy contributed to Seachris's immobility and diabetes. The ALJ also erred in finding that Dr. Kafrouni's opinion was unsubstantiated by medical records when the preponderance of the evidence supports Dr. Kafrouni's opinion. Dr. Kafrouni

2

testified that Seachris's medical records lacked reference to Seachris's depression, pain, and worsening cervical myelopathy because Seachris had not been examined by a specialist and that Seachris's decreased mobility over time was evidence itself that his cervical myelopathy worsened over time. Additionally, the evidence shows that Seachris's medical records were incomplete and that Seachris's own 1990 report to the Social Security Administration supports Dr. Kafrouni's opinion that cervical myelopathy likely caused chronic pain and depression and that the resulting immobility likely contributed to Seachris's diabetes and death.

Therefore, we must grant the petition for review and remand to the BRB for proceedings consistent with this disposition.

**PETITION GRANTED. REMANDED.**